UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEROY ANTHONY SPINNER,

        Plaintiffs,

v.

        Case Number 10-13161-BC
        Honorable Thomas L. Ludington

B&P PROCESS EQUIPMENT,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

On August 10, 2010, Plaintiff Leroy Spinner filed a three-count complaint against his former employer, Defendant B&P Process Equipment, alleging that he was discriminated against because of his race in the terms and conditions of his employment, that his employment was wrongfully terminated based on his race, and a claim for "breach of policy" based on Defendant's alleged violation of its non-discrimination policy.

Now before the Court is Defendant's motion for partial summary judgment. ECF No. 29. Defendant requests that the Court bar Plaintiff from claiming damages for lost wages following his last day of employment based on after-acquired evidence that Defendant contends would have resulted in Plaintiff's employment being terminated had Defendant been aware of the information during Plaintiff's employment. Plaintiff responds that Defendant has waived the after-acquired evidence affirmative defense by failing to include the defense in its responsive pleading and, even if the defense is not waived, it represents an issue of fact to be resolved by a jury. Plaintiff also emphasizes that even if the after-acquired evidence rule were to apply, it would only apply from the date Defendant discovered the alleged misconduct, and not the date of occurrence or date Plaintiff's

employment was terminated. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(f)(2). For the reasons provided herein, the Court will deny Defendant's motion.

### I.   Facts

Plaintiff is an African-American male hired by Defendant on October 3, 2005, as a Materials Handler in the Shipping and Receiving Department. In 2006, he was given the job of Traffic Coordinator which he held until the time his employment was terminated on June 30, 2009. Defendant contends that Plaintiff's employment was terminated during a layoff that was a result of economic conditions. Plaintiff was earning $14.70 an hour at the time his employment was terminated. Plaintiff subsequently filed this case, alleging that his employment was terminated as a result of race discrimination and that Defendant violated policies and procedures set forth in its Employee Handbook.

The Employee Handbook contains various work rules. Specifically, is a section entitled "Your Ongoing Responsibilities," provides, in relevant part, that "B&P has developed of a number of policies and work rules that apply to all employees. As a condition of employment, each employee is responsible to be familiar with these rules and to comply with them during the course of employment." ECF No. 29 Ex. A at 8. Violation of any of these rules "will constitute the basis for disciplinary action up to and including termination of employment." *Id.* The Employee Handbook prohibits, in pertinent part, the unauthorized use, theft, or abuse of company property or unauthorized or excessive absences or tardiness. *Id.* The Employee Handbook also provides an "Acceptable Computer Usage Policy" that prohibits the use of computers for various purposes, including harassment.

Defendant provides an affidavit from Andrea Laury, contending that on numerous occasions during his employment with Defendant, Plaintiff left work without authorization to visit her. Laury also alleges that Plaitniff, without authorization, called her from work and used the company email system during work hours to communicate with her. Finally, Laury contends that Plaintiff sent her a pornographic photograph during working hours. Defendant does not explain who Laury is, the nature of the relationship between Plaintiff and Laury, or the extent of Defendant's knowledge of the relationship between Plaintiff and Laury. The only information provided in the affidavit is that Laury contacted Defendant provide a statement upon learning of the case.

## II.   Discussion

Defendant asserts that Plaintiff is barred from recovering damages for lost wages following his last day of employment based on the "after-acquired evidence" defense. This doctrine applies to bar an employee from obtaining certain remedies in a discrimination case. Where an employer can show it would have been entitled to terminate the employee for severe wrongdoing, if it had known of the employee's wrongdoing at the time, the employee's remedies for discrimination are limited. *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 360-62 (1995) ( "Where an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge."). As a general rule, under the after-acquired evidence doctrine the employee is barred from obtaining front pay and reinstatement, and backpay is limited. *Id.* at 361-62.

Plaintiff conceded at his deposition that had he been leaving work to visit Laury—which he denies—Defendant could have terminated his employment.   Although Defendant agrees that

Plaintiff's employment *could* have been terminated on this basis, it does not allege, let alone establish, that the conduct was of such severity that Plaintiff "in fact would have been terminated on those grounds." *Id.* at 362. Defendant has thus not adequately established that Plaintiff's employment would have been terminated on this basis. Additionally, Plaintiff disputes whether the alleged visits, calls, or emails occurred, creating an issue of fact as to whether the alleged misconduct occurred in order to limit his recovery by the after-acquired evidence defense and summary judgment on the issue would be inappropriate.

Plaintiff also argues that Defendant cannot assert the after-acquired evidence defense because it was not included as an affirmative defense in Defendant's answer and is thus waived. *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004). Moreover, even if a failure to plead the issue as an affirmative defense did not result in waiver, Plaintiff contends that the after-acquired evidence defense is nonetheless waived because Defendant did not raise the defense until Plaintiff's ability to respond was clearly prejudiced. *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993). Plaintiff submits that he first learned of Laury's allegations on September 6, 2011, when Defendant filed its motion for partial summary judgment, attaching Laury's Affidavit as an exhibit. The discovery cutoff in this case was August 5, 2011. As such, Plaintiff did not have any recourse to examine the basis for Laury's knowledge of the accusations she made against Plaintiff. Plaintiff also believes that Defendant became aware of the substance of Laury's allegation at some point on or before July 15, 2011 when it noticed the taking of Laury's deposition. Defendant did not proceed with the deposition as scheduled. Defendant also did not request leave to amend its responsive pleading to add the affirmative defense, but instead chose to raise the defense a month after the close of discovery through a dispositive motion resulting in Plaintiff being prejudiced in his ability to

rebut the defense.

The after-acquired evidence defense, however, need not be pleaded at the time an answer is filed as an affirmative defense. The very nature of the defense results in it, at times, being raised well into the litigation and would thus be impractical to require a defendant to plead the defense in accordance with Rule 8, *see Arnold v. City of Dayton*, No. 1:92-cv-562, 1994 WL 904688, at *3 (E.D. Tenn. March 21, 1994), even though some courts have referred to it as the "affirmative defense of after-acquired evidence" in the context of deciding motions to amend responsive pleadings, *see, e.g.*, *Stanich v. Hissong Group, Inc.*, No. 2:09-cv-143, 2011 WL 1560650, at *1 (S.D. Oh. Apr. 25, 2011). Although Defendant has not waived the after-acquired evidence defense by not raising it as an affirmative defense in the responsive pleading, the defense remains unavailable at trial until Defendant seeks leave to amend its answer to include the defense and explains why the defense is being timely raised. Moreover, in the event the defense becomes available at trial, it presents an issue of fact to be resolved by the jury. More specifically, Defendant would have the burden of establishing that the alleged misconduct occurred and that it would have in fact terminated Plaintiff's employment because of the misconduct. The defense would then bar any claim for compensatory damages following the date Defendant discovered the alleged misconduct. *McKennon*, 513 U.S. at 362.

### III.   Conclusion

Accordingly, it is **ORDERED** that Defendant's motion for partial summary judgment (ECF No. 29) is **DENIED**.

                                            s/Thomas L. Ludington  
                                            THOMAS L. LUDINGTON  
                                            United States District Judge

Dated: January 24, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 24, 2012.

        s/Tracy A. Jacobs
        TRACY A. JACOBS